Michael Zimmer, Sheriff, for use of Sterling B. Cramer and C. A. Mullen, Defendant in Error, v. John P. Cummings, Trustee, and Joseph T. Delfosse. Joseph T. Delfosse, Plaintiff in Error.

Gen. No. 21,712. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916.

## Statement of the Case.

Action by Michael Zimmer, sheriff of Cook county, for the use of Sterling B. Cramer and C. A. Mullen, plaintiff, against John P. Cummings, trustee, and Joseph T. Delfosse, defendants, in the Municipal Court of Chicago, to recover on a replevin bond on which defendant Joseph T. Delfosse was surety. To reverse a judgment for plaintiff, defendant Joseph T. Delfosse prosecutes this writ of error.

The action in which the bond sued on was given was against Anton J. Cermak, bailiff of the Municipal Court of Chicago, to recover possession of an automobile which said Cermak held by virtue of an execution and levy against defendant John P. Cummings, as the individual property of said Cummings and to satisfy a judgment against him. It was admitted that the replevin action was not determined upon the merits. A document was offered in evidence by defendant Joseph T. Delfosse, and excluded by the court, as follows:

"CHICAGO, May 14, 1913.

"Received of Joseph T. Delfosse one Premier automobile, model 45, serial No. 2004, six cylinder, in trust, to be returned on or before ninety days after date.

(signed)   JOHN P. CUMMINGS."

Testimony of defendant Delfosse to a similar effect was stricken on plaintiff's motion.

GEORGE L. SCHEIN and WALT A. HANSEN, for plaintiff in error; GEORGE L. SCHEIN and LEO H. HOFFMAN, of counsel.

BRYAN, McCORMICK & WILBUR and DEFREES, BUCKINGHAM & EATON, for defendant in error; H. H. McCORMICK and DON KENNETH JONES, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

REPLEVIN, § 204*—*when surety on bond may show right of possession in plaintiff in replevin.* In an action against a surety on a replevin bond, where the merits of the replevin action have not been determined in the action in which the bond was given, it is error to exclude evidence that the plaintiff in the replevin action

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.